**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| **ALOFT MEDIA, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No.  6:08-cv-255 |
| v. § | |
| § | JURY TRIAL DEMANDED |
| **YAHOO!, INC., AT&T, INC., and AOL LLC,** § § | |
| § | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Yahoo!, Inc. ("Yahoo!"), AT&T, Inc. ("AT&T"), and AOL LLC ("AOL") (collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C, Longview, Texas 75601.

2.      Upon information and belief, Yahoo!, Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo! may be served with process through its Registered Agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

3.      Upon information and belief, AT&T, Inc. is a Delaware corporation with its principal place of business at 175 E. Houston St., San Antonio, Texas 78205.  AT&T may be served with

process through its Registered Agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, AOL LLC is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166.  AOL LLC may be served with process through its Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

3. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

4. Aloft Media is the owner by assignment of United States Patent No. 7,117,443 ("the '443 patent") entitled "Network Browser Graphical User Interface for Managing Web

Content." The '443 patent issued on October 3, 2006. A true and correct copy of '443 patent is attached as Exhibit A.

5. Aloft Media is the owner by assignment of United States Patent No. 7,194,691 ("the '691 patent") entitled "Network Browser Window with Adjacent Identifier Selector Interface for Storing Web Content." The '691 patent issued on March 20, 2007. A true and correct copy of '691 patent is attached as Exhibit B.

6. On information and belief, Yahoo! has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Yahoo!'s infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation AT&T Yahoo! Browser. Yahoo! is thus liable for infringement of the '443 and '691 patents pursuant to 35 U.S.C. § 271.

7. On information and belief, AT&T has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents in the State of Texas, in this judicial district, and elsewhere in the United States. AT&T's infringements include, among other things, making, using, offering for sale, and/or selling computer software products, including without limitation AT&T Yahoo! Browser. AT&T is thus liable for infringement of the '443 and '691 patents pursuant to 35 U.S.C. § 271.

8. On information and belief, AOL has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '691 patent in the State of Texas, in this judicial district, and elsewhere in the United States. AOL's infringements include, among other things, making, using, offering for sale, and/or selling

computer software products, including without limitation AOL Explorer Version 1.5.  AOL is thus liable for infringement of the '691 patent pursuant to 35 U.S.C. § 271.

9. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

10. As a result of Yahoo!'s and AT&T's infringement of the '443 and '691 patents and AOL's infringement of the '691 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Yahoo! and AT&T and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '443 and '691 patents, Aloft Media will be greatly and irreparably harmed.

12. Unless a permanent injunction is issued enjoining AOL and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '691 patent, Aloft Media will be greatly and irreparably harmed.

13. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

14. Upon information and belief, Defendants' infringements are willful, at least if Yahoo! and AT&T continue to infringe the '443 and '691 patents and AOL continues to infringe the '691 patent after receiving notice of this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Aloft Media, LLC requests that this Court enter:

1. A judgment in favor of Aloft Media, LLC that Yahoo! and AT&T have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '443 and '691 patents, and that such infringement was willful;

2. A judgment in favor of Aloft Media, LLC that AOL has directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '691 patent, and that such infringement was willful;

3. A permanent injunction, enjoining Yahoo! and AT&T and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '443 and '691 patents;

4. A permanent injunction, enjoining AOL and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '691 patent;

5. A judgment and order requiring Yahoo! and AT&T to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for their infringement of the '443 and '691 patents as provided under 35 U.S.C. § 284;

6. A judgment and order requiring AOL to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for AOL's infringement of the '691 patent as provided under 35 U.S.C. § 284;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys' fees; and

8. Any and all other relief for which the Court may deem Aloft Media, LLC entitled.

## DEMAND FOR JURY TRIAL

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
_____
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

T. John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
Chris Cravey
Texas State Bar No. 24034398
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
cravey@wmalaw.com

Scott E. Stevens
State Bar No. 00792024
Kyle J. Nelson
State Bar No. 24056031
STEVNS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com
kjn@seslawfirm.com

ATTORNEYS FOR PLAINTIFF
ALOFT MEDIA, LLC